# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DIAZ and TERESA DIAZ,<br><br>                                    Plaintiff,<br>   vs.<br><br>NATIONAL CITY BANK et. al.,<br><br>                                    Defendants. | CASE NO. 12-cv-1393-MMA (NLS)<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE**<br><br>[Doc. No. 3] |

On June 8, 2012, Plaintiffs Jose and Teresa Diaz, proceeding *pro se*, filed this foreclosure action against Defendants National City Bank, National City Mortgage Co., Bank of America, Recontrust Company, Recontrust Company, N.A., Mortgage Electronic Registration Systems, Inc., SoCal Land Grant Services LLC and Bank of New York - Mellon. [Doc. No. 1.] Plaintiffs' complaint alleges irregularities and fraud in the foreclosure of their property, located at 4012-4016 Marine View Drive, San Diego, CA 90113.[1] [Doc. No. 1.] The complaint seeks a temporary restraining order ("TRO") setting aside the foreclosure sale of Plaintiffs' property and enjoining Defendants from evicting them from the property. For the reasons set forth below, the Court **DENIES** Plaintiffs' *ex parte* application for a TRO without notice. [Doc. No. 3.]

///

---

[1] In another portion of the complaint Plaintiffs state the property address is 4012-4016 Mountain View Drive, San Diego, CA 90113.

**LEGAL STANDARD**

The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, 2006 U.S. Dist. LEXIS 97023, *4 (S.D. Cal. Jan. 26, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)).  "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted).  The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006).

Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant . . . ." FED. R. CIV. P. 65(b)(1)(A).  The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1)(B).  Although the restrictions imposed are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods*, 415 U.S. at 438–39.

**DISCUSSION**

Plaintiffs seek a temporary restraining order preventing Defendants from evicting them from their home, but they fail to satisfy the requirements necessary to obtain a TRO.  As a preliminary matter, Plaintiffs have not certified in writing any efforts made to put Defendants on notice of their *ex parte* motion for a TRO, nor have they offered any reason why they should not

be required to provide notice, as required by Federal Rule of Civil Procedure 65(b)(1)(B).  Instead, Plaintiffs assert that they will suffer immediate and irreparable injury since Defendants have initiated eviction proceedings against them.  However, its is unclear whether eviction is imminent because the complaint does not specify the status of the eviction proceedings.  Thus, it is entirely possible that Plaintiffs have already been evicted from the property, which would render any request to enjoin their eviction moot.  Courts have recognized very few circumstances justifying the issuance of a TRO without notice, particularly where notice could have been given to the adverse party.  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  Furthermore, it is this Court's practice to hear motions for temporary restraining orders *ex parte* only "in extraordinary circumstances."  *Anello Civil Chamber Rule No. III*.

Even if the unlawful detainer action is still pending, Plaintiffs are prohibited by the Anti-Injunction Act from enjoining the state court action.  The Anti-Injunction Act forbids a federal court from enjoining or staying state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The exceptions to the Anti-Injunction Act are narrowly construed and "doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed."  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).  A request for a TRO enjoining a state court unlawful detainer action does not fall into one of the exceptions listed in the Act.  *See Sato v. Wachovia Mortgage, FSB*, 2012 U.S. Dist. LEXIS 13430, 2012 WL 368423, *2 (N.D. Cal. Feb. 3, 2012); *see also Thomas v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 43128 (N.D. Cal. Mar. 28, 2012).  Thus, the injunctive relief sought here is prohibited by the Anti-Injunction Act and does not fall within an exception to the general rule prohibiting federal courts from enjoining state court proceedings.

In addition, Plaintiffs do not address the likelihood that they will succeed on their claims against Defendants.  Based on a cursory review of the allegations in the complaint, the Court is not persuaded Plaintiffs are *likely* to prevail.  For example, Plaintiffs assert causes of action under the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq*. and the Real Estate Settlement Practices Act ("RESPA") 12 U.S.C. § 2601 *et seq*.  The applicable statute of limitations for violations of

these statutes range from one to three years depending on the specific claim and remedy sought. These claims may be time-barred because Plaintiffs allege they purchased the subject property in 2006. Similarly, its is not apparent that Plaintiffs' fraud claim satisfies Rule 9(b)'s heightened pleading standards. Accordingly, because Plaintiffs have failed to show they are likely to succeed on the merits, a TRO is not warranted. *See Gerth v. Am. Mortg. Express Fin.*, 2009 U.S. Dist. LEXIS 103651 (S.D. Cal. Nov. 6, 2009).

Although the loss of one's home may constitute irreparable harm, in the absence of a likelihood of success on the merits, loss of property alone is not sufficient to obtain a TRO. *See Eshraghi v. Cal. Bank & Trust Corp.*, 2011 U.S. Dist. LEXIS 121141 (E.D. Cal. Oct. 18, 2011). Here, Defendants foreclosed upon Plaintiffs' property and now seeks to evict them. While the Court is sympathetic to Plaintiff's circumstances, a TRO is an "extraordinary remedy" which should be issued sparingly. *C.S. v. Cal. Dep't of Educ.*, 2008 U.S. Dist. LEXIS 35267, *6-8, 13 (S.D. Cal. Apr. 30, 2008). After reviewing the merits and equities in this case, the Court concludes that Plaintiffs have not met their burden of establishing either a likelihood of success on the merits and the possibility of irreparable harm, or that serious questions going to the merits have been raised and the balance of hardships tips sharply in their favor.

## CONCLUSION

For the reasons set forth above, Plaintiffs' *ex parte* application for a TRO without notice is **DENIED**.

**IT IS SO ORDERED**.

DATED: June 12, 2012

Hon. Michael M. Anello
United States District Judge